UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH BROWN,

    Petitioner,

v.                                                          CASE NO. 8:14-cv-1297-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
                                         /

## **O R D E R**

Brown applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 20) and challenges the validity of his state convictions for aggravated battery, sexual battery, and false imprisonment, for which he is imprisoned for thirty years. An earlier order (Doc. 23) both determines that the application is time-barred and affords Brown the opportunity to show entitlement to review under either equitable tolling or manifest injustice. Brown's response shows entitlement to review under neither principle.

As determined in the earlier order, Brown's conviction was final in December, 2010, and the applicable limitation barred his application one year later in December, 2011, absent tolling attributable to a timely-filed, state court application for post-conviction relief. Brown garners no tolling for his October, 2012, Rule 3.850 motion for post-conviction relief because the limitation expired ten months earlier.

The earlier order (Doc. 23) explains the principles of equitable tolling and actual innocence. Brown asserts two reasons for entitlement to equitable tolling. First Brown asserts "medical treatment" as an extraordinary circumstance. A serious medical issue possibly qualifies for equitable tolling, but proof of entitlement to equitable tolling based on a medical problem requires the allegation and proof of specific facts. *See, e.g., Boos v. Runyon*, 201 F.3d 178 (2nd Cir. 2000); *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264 (10th Cir. 1996); and *Miller v. Runyon*, 77 F.3d 189 (7th Cir. 1995). Brown represents that his application is untimely because he was "transferred to a 'medical T.C.U. Program' at Santa Rosa Correctional Annex where his mail was unavailable for 30 days after denial of his post-conviction relief." This fails to qualify as an extraordinary circumstance that precluded his timely filing the federal application because the federal limitation expired before, not after, his state post-conviction proceeding. Second Brown asserts "attorney negligence" as an extraordinary circumstance, specifically that his trial attorney told him that the federal one-year limitation begins after the state post-conviction proceeding ends. As *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002), explains, this advise is clearly erroneous. Nevertheless, attorney negligence is insufficient to qualify for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). *See also Cadet v. Sec'y, Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014) ("W]e hold that attorney negligence, however gross or egregious, does not qualify as an

'extraordinary circumstance' for purposes of equitable tolling . . . ."). As a consequence, Brown shows no entitlement to equitable tolling.

Accordingly, the amended application for the writ of habeas corpus (Doc. 20) is **DISMISSED** as time-barred. The clerk must enter a judgment against Brown and close this case.

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Brown is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Brown must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred and because he shows entitlement to neither equitable tolling nor manifest injustice, Brown is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Brown must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on October 3, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE